QUESTION: Are fines and forfeitures imposed by a county court for violations of state criminal misdemeanor statutes which occur within a municipality's territorial jurisdiction to be remitted monthly to that municipality?
SUMMARY: Fines and forfeitures imposed by a county court for violations of state criminal misdemeanor statutes which occur within a municipality's territorial jurisdiction are not to be remitted monthly to that municipality. Section 34.191(1), F.S., provides as follows: All fines and forfeitures arising from offenses tried in the county court shall be collected and accounted for by clerk of the court and deposited in a special trust account. All fines and forfeitures received from violations of ordinances or misdemeanors committed within a county, or municipal ordinances committed within a municipality within the territorial jurisdiction of the county court, shall be paid monthly to the county or municipality respectively except as provided in s. 23.103 [not applicable here]. This provision has been interpreted in previous opinions of this office, most recently in AGO 074-96, to mean that, where the municipal court has been abolished, all fines and forfeitures (except those earmarked for another purpose by s. 23.103, F.S.) imposed by a county court for violation of municipal ordinances are to be remitted monthly to the municipality. Thus, when a fine or forfeiture is imposed for violation of a state criminal misdemeanor statute, a municipality will not be entitled to such fine or forfeiture, even though the violation occurs within that municipality's boundaries. This results, moreover, whether the arresting officer is a municipal, county, or state officer, since s. 34. 191(1), supra, speaks only in terms of the nature of the violation tried, and not in terms of the public entity which the arresting officer serves. (In this regard, it might be noted that a municipal officer, like other peace officers, has no right to arrest without a warrant in cases of misdemeanor unless the crime is committed in his presence. Section 901.15, F.S.; Hutchinson v. Lott, 110 So.2d 442 [Fla. 1969]; AGO 059-59.)